# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **PIERRE A. RENOIR, a/k/a STONES,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00394 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **DR. MCDUFFY, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Pierre A. Renoir, Pro Se Plaintiff.*

The plaintiff, Pierre A. Renoir, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging improper involuntary commitment for mental health treatment and interference with federal investigations. Renoir has not prepaid the necessary filing costs to proceed with a civil rights action and requests in forma pauperis status under 28 U.S.C. § 1915(g), which would allow him to pay the filing fee through installments from his inmate trust account. After review of his pleadings, I conclude that he does not qualify to do so, in light of his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust

account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Renoir has brought such actions or appeals on three or more prior occasions. *See, e.g., Renoir v. Governor of Virginia*, 755 F. Supp. 2d 82 (D.D.C. 2010) (dismissed under § 1915(g)); *Renoir v. Davidson*, No. 08-cv-333, 2008 WL 2944893, at *1 (E.D. Wisc. 2008) (noting accumulation of three "strikes"); *Renoir v. Brown*, No. 07CV00166, 2007 WL 1052477, at *1 (W.D. Va. 2007) ("Renoir has 'three strikes' under § 1915(g)."); *Renoir v. Ray*, No. 7:06CV00164, 2006 WL 840313 (W.D. Va. 2006) (dismissed under § 1915(g), with finding that allegations also did not state any actionable § 1983 claim); *Renoir v. Wilson*, No. 7:99CV00810 (W.D. Va. 1999) (dismissed as frivolous). Accordingly, Renoir may proceed in forma pauperis (without prepayment of the filing fee) only if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

Renoir's allegations are sparse and cryptic. He states that he was "illegally given an involuntary commitment hearing on May 19, 2020, by [officials from Wallens Ridge State Prison ("WRSP") and Wise County] so as to send [him] to [Marion Correctional Treatment Center ("MCTC")] falsely labeled 'delusional' so

as to prevent an FBI investigation of crimes against [him]" by various state officials. Compl. 1, ECF No. 1. Renoir further states that "[a]fter a year at MCTC, [he] was rushed back to WRSP to avoid a FBI investigation of MCTC," after officials there concluded that Renoir was not delusional and had no mental health problems for which involuntary commitment was warranted. *Id.* at 2. Renoir seeks monetary damages against a host of defendants for the alleged wrongs.

The "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct")).

I cannot find that Renoir has alleged facts showing that he was in any imminent danger of physical harm under § 1915(g) when he filed his complaint in July 2021. Rather, Renoir's claims in this action concern only past events and speculative conspiracy theories. The alleged wrongful commitment concluded weeks before he filed his Complaint. Moreover, he fails to identify any imminent

risk of serious physical harm he then faced as a result of the defendants' purported interference with federal investigations regarding unspecified crimes.

For the stated reasons, I cannot find that Renoir is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g). Accordingly, I must deny his application to proceed in forma pauperis under § 1915(g). Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

        DATED:  August 26, 2021

        /s/  JAMES P. JONES
        United States District Judge